[Civ. No. 19792. First Dist., Div. Two. Apr. 11, 1963.]

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Plaintiff and Appellant, v. BERTA G. DE STRAJMAN et al., Defendants and Respondents.

Bohnert, Davis & McCarthy for Plaintiff and Appellant.

George I. Hoffman and Lansburgh, Hoffman & Schiller for Defendants and Respondents.

KAUFMAN, P. J.—Appellant, Fidelity and Deposit Company of Maryland, filed this action against the respondents to recover moneys paid to indemnify its insured, Western Title Insurance and Guaranty Company, for a loss sustained on certain instruments forged by one Ila Irvine, the manager of

an apartment house in San Francisco, owned by the respondents. The trial court sustained the respondents' demurrer to the amended complaint, and this appeal is taken from the judgment on the demurrer. The only question presented is whether the trial court properly concluded that the loss caused by forgery should be borne by the appellant surety rather than the respondents.

The facts are not in dispute. The San Francisco property was acquired by the respondents in 1950 and managed for them by Ila Irvine, as the respondents, Berta G. De Strajman and Elisa S. De Hoffmann, were residents of Buenos Aires, Argentina, at the time of the forgery here involved and at all other times relevant to this action. Mrs. Irvine collected the rents on the San Francisco property but neglected her duties of paying the monthly mortgage installments and United States income taxes. As a result, the holder of the first deed of trust, Bayview Federal Savings and Loan Association (hereinafter referred to as Bayview) recorded a notice of default and the United States filed liens against the property.

In May 1956, the respondents, who were not aware of Mrs. Irvine's activities, borrowed $27,000 from Home Federal Savings and Loan Association to pay off what they assumed was the balance then owing to Bayview. The proceeds of this loan were delivered to Western Title to pay Bayview. At the same time, in order to obtain the additional funds necessary to pay off the liens, Mrs. Irvine borrowed $4,500 from Irving and Florence Holcenberg who took a note and second deed of trust as security. The names of both respondents were forged by Mrs. Irvine on these instruments. The Holcenbergs relied on the forged documents and delivered the proceeds of the loan to the trustee, Western Title, and obtained a title insurance policy.

Subsequently, the Bayview and United States liens were satisfied and the respondents discovered the forgeries. For more than a year prior to the date on the deed of trust and note, the respondents had been living in South America. Mrs. Irvine admitted the forgeries in a written confession. The Holcenbergs filed a claim against Western Title. Western Title, pursuant to its policy, paid them the $4,500. Appellant, Fidelity and Deposit Company of Maryland, in turn, indemnified Western Title under its agreement to hold its in-

sured harmless for any losses sustained by forgeries. Appellant, as the assignee of the Holcenbergs and Western Title, brought this action to reinstate the Bayview and United States liens and asked to have these liens foreclosed for its benefit as respondents were unjustly enriched at its expense. Even though respondents had their liens paid off by the Holcenberg loan, this was not an unjust enrichment as far as appellant surety is concerned. Appellant paid Western Title by reason of a surety contract for which Western Title paid a premium to appellant. ■ Subrogation does not lie as against innocent parties such as respondents.

We have concluded that the trial court properly sustained the demurrer of the respondents on the basis of *Meyers* v. *Bank of America,* 11 Cal.2d 92 [77 P.2d 1084]. In that case, an employee forged the name of a payee of a check and cashed it. His employer who was indemnified for the loss under its bond with the surety company, assigned to the bonding company the cause of action against the bank which had honored the forged check. The bonding company, through its assignee, sued the bank. Our Supreme Court reversed the lower court's judgment in favor of the bonding company because it concluded that the bank as an innocent party had equities in its favor as against the surety, and because the surety, in discharging its primary contract liability under the bond, was not entitled to subrogation. After an exhaustive review of the authorities, the court pointed out that the equitable right of subrogation could be involved only in cases in which justice demands its application, and the right of one asking subrogation must have a greater equity than those who oppose him. The court stated that subrogation is properly applied in favor of a surety on a fidelity bond only against persons who have participated in the wrong of its principal, never against an innocent person wronged by the principal's fraud.

There is no question that in the instant case the respondents were innocent parties with respect to the fraud of their agent, Mrs. Irvine. ■ The fact that the complaint also states that appellant is the assignee of Holcenberg and Western Title does not change the fact that if the surety is not entitled to subrogation, an assignment by the creditor will be ineffectual to give the surety a right of subrogation he would not otherwise have.

Following the rule of the *Meyers* case, here, appellant has discharged its primary contract liability. It has paid what it

contracted to pay and retained to its own use the premiums paid. It now seeks to recover from an innocent party. The cause of the loss was the forgeries and this was the very loss appellant agreed to pay and accepted premiums for. We cannot say that as between the paid surety and the respondents that the respondents should bear the loss because if the respondents must pay back to appellant, then respondents must bear the loss caused by the forgeries.

We have examined the various authorities cited by the appellant and concluded that they are not relevant here. In *Barclay Kitchen, Inc.* v. *California Bank*, 208 Cal.App.2d 347 [25 Cal.Rptr. 383], relied upon by the appellant, the court concluded that the bank was not an innocent third party and so distinguished the *Meyers* case. Appellant as a paid surety is not entitled to subrogation against the respondents who did not participate in the wrongful act of Mrs. Irvine.

Here, the appellant has merely paid what it contracted to pay under its contract with Western Title and for which it was paid a premium by Western Title.

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.